**In re Anonymous No. 103 D.B. 90**

Disciplinary Board Docket no. 103 D.B. 90.

FRIEDMAN, *Chairman,* August 10, 1994—Pursuant to Rule 208(h) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings

and recommendations to your honorable court with respect to the petition to revoke probation filed by petitioner.

## I. HISTORY OF PROCEEDINGS

On September 12, 1990 Office of Disciplinary Counsel, petitioner, filed a petition for discipline against respondent alleging five violations of the Disciplinary Rules. On April 14, 1992 your honorable court entered an order suspending the respondent from the practice of law for a period of six months. That suspension was stayed in its entirety and the respondent was placed on probation for a period of two years subject to conditions which included a requirement that the respondent regularly attend AA meetings and report to a sobriety monitor on a regular basis.

On March 7, 1994 petitioner filed a petition to revoke probation which asserted that respondent had failed to comply with the terms of his probation. On April 14, 1994 a hearing was held before the undersigned relative to the petition. Petitioner and respondent previously agreed to waive the 10 day hearing requirement provided by Pa.R.D.E. 208(h).

## II. FINDINGS OF FACT

At time of hearing the respondent stipulated to the factual averments contained in the petition which are adopted as follows:

(1) By order dated April 14, 1992, the Supreme Court of Pennsylvania suspended the respondent, [    ], Esq., from the practice of law for a period of six months, but stayed the suspension in its entirety and placed the respondent on probation for a period of two years, subject to various terms and conditions.

(2) Among other things, the Supreme Court's order required the respondent to:

(a) Regularly attend Alcoholics Anonymous meetings on a weekly basis;

(b) Maintain weekly contact with his sponsor in AA;

(c) Have his weekly attendance at AA meetings verified on a board approved form (Alcoholics Anonymous attendance meeting verification form);

(d) Meet at least twice a month with his sobriety monitor; and,

(e) Maintain weekly telephone contact with his sobriety monitor.

(3) Pursuant to the court's order and in accordance with provisions of Disciplinary Board Rule 89.293 (dealing with substance abuse probation), the respondent was assigned a sobriety monitor who, along with the respondent, completed and filed with the secretary of the board quarterly written reports concerning respondent's probation, as follows:

(a) First quarter report which was due to be filed by July 14, 1992 but was actually filed[1] two days late on July 16, 1992.

(b) Second quarter report which was due to be filed October 14, 1992 but was filed one day late on October 15, 1992.

(c) Third quarter report which was due to be filed on January 14, 1993 but was filed one day late on January 15, 1993.

(d) Fourth quarter report which was due to be filed on April 14, 1993 but was filed 15 days late on April 29, 1993 along with a cover letter from the respondent dated April 28, 1993.

(e) Fifth quarter report which was due to be filed on or about July 14, 1993 but was never filed with the office of the secretary;

---

1. Pursuant to Disciplinary Board Rule 89.3(b), a document is filed with the board upon receipt by the board.

(f) Sixth quarter report which was due and filed on October 14, 1993.

(g) Seventh quarter report which was due to be filed by January 14, 1994 but was not actually filed until February 2, 1994 about 19 days late.

(4) These quarterly reports indicate the respondent, from the inception of his probation to the present time, has failed to abide by many of the terms and conditions of his probation, to wit:

(a) Respondent has failed to regularly attend meetings of AA on a weekly basis;

(b) Respondent has failed to maintain weekly contact with his AA sponsor;

(c) Respondent has failed to have his attendance at AA meetings verified by the signature of the AA chairperson on the Alcoholics Anonymous attendance meeting verification form (the respondent failed to even submit the required form for the first quarter and fifth quarter);

(d) Respondent has failed to meet at least twice each month with his sobriety monitor; and,

(e) Respondent has failed to maintain weekly contact with his sobriety monitor.

(5) More specifically, the quarterly reports indicate the following:

(a) First quarter report (Petitioner exhibit "2"):

(1) In response to question 2, the respondent admitted not attending AA meetings on a weekly basis but stated "I have averaged one meeting/week, but have had several weeks without a meeting." Further, the limited information provided by the respondent failed to reveal that any AA meetings were attended during the weeks of June 8, June 15, June 22, and June 29, 1992;

(2) While the respondent indicated in response to question 3 that he had maintained weekly contact with his AA sponsor, by personal contact at meetings, he only listed four meetings. It appears, therefore, he had

no contact with his AA sponsor for the same four weeks listed immediately above.

(3) Respondent only met personally with his sobriety monitor on one occasion during the month of June 1992, rather than the required two times;

(4) Respondent did not contact his sobriety monitor during the weeks of June 15, June 22, and June 29, 1992;

(5) Respondent did not attach an Alcoholics Anonymous meeting attendance verification form;

(6) Respondent's sobriety monitor commented: "[Respondent] must take this program more seriously;" and,

(7) As a result of his review of the first quarterly report, then Chairman of the Board Richard D. Gilardi sent the respondent a letter dated August 7, 1992 notifying the respondent: "You are hereby directed to abide by the terms and conditions of your probation. If you fail to do so, we will be forced to notify the Office of Disciplinary Counsel to take further action pursuant to Disciplinary Board Rule 89.292." (Petitioner exhibit "3.")

(b) Second quarter report (Petitioner exhibit "4"):

(1) While the respondent indicated affirmatively that he had attended weekly AA meetings during the past three months, the information and documentation he provided failed to indicate any meeting was attended during the week of August 3, 1992;

(2) While the respondent indicated affirmatively that he had maintained weekly contact with his AA sponsor, the information he provided failed to indicate that contact was made with his sponsor during the weeks of July 27, August 3, and September 7, 1992;

(3) Of the 23 AA meetings listed on the Alcoholics Anonymous attendance verification form, only 15 were "verified" by a signature.

(c) Third quarter report (Petitioner exhibit "5"):

(1) In response to question 2, the respondent admitted having failed to attend AA meetings on a weekly basis and stated: "I missed couple meetings in October 1992, and have not been to a meeting since 1/7/93." Further, the Alcoholics Anonymous attendance meeting verification form listed meetings for each of the last two weeks of October 1992 but failed to list any meeting attended during the week of December 21, 1992 (Christmas week) or the week of January 11, 1993;

(2) None of the 19 meetings listed on the Alcoholics Anonymous attendance meeting verification form were verified by anyone's signature;

(3) The information provided failed to indicate that the respondent had contact with his AA sponsor during the weeks of October 19, October 26, and December 28, 1992, nor the weeks of January 4 and January 11, 1993; and,

(4) The respondent met only once, rather than twice, with his sobriety monitor during the month of November 1992.

(d) Fourth quarter report (Petitioner exhibit "6"):

(1) The respondent's cover letter dated April 28, 1993 apologized for the late filing of the report and noted he did not have his AA meeting attendance verified by signatures of chairpersons, but indicated he would make sure all future attendance forms were signed (only one of the 17 entries on the Alcoholics Anonymous attendance meeting verification form was signed);

(2) While the respondent answered that he had attended AA meetings on a weekly basis during the past three months, the information and documentation he provided failed to indicate that he attended any meetings during the weeks of January 31 and March 22, 1993;

(3) While the respondent answered question 3 affirmatively, the dates he listed failed to indicate that

he had any contact with his AA sponsor during the weeks of January 18, January 25, February 1, and April 12, 1993; and,

(4) The respondent's sobriety monitor commented: "[Respondent] has been doing a good job in keeping clean and sober, but has a tough time following directions. I belive he is getting better despite his failure to follow orders."

(e) No fifth quarter report, due on or about July 14, 1993, was submitted;

(f) Sixth quarter report (Petitioner exhibit "7"):

(1) Respondent admitted not having attended AA meetings on a weekly basis but stated: "I have attended approximately one AA meeting every 10 days;"

(2) The Alcoholics Anonymous attendance meeting verification form listed no meetings during the weeks of July 12, August 2, September 27, and October 11, 1993;

(3) Despite the assurances given by the respondent in his cover letter dated April 28, 1993 (accompanying the fourth quarter report), none of the 11 meetings listed on the Alcoholics Anonymous attendance meeting verification form attached to the respondent's sixth quarter report were verified by anyone's signature; and,

(4) In response to question 3, the respondent stated: "I see my sponsor at most of the meetings I attend, but do not telephone him on a weekly basis;" since the respondent did not attend AA meetings on a weekly basis, it appears the respondent did not maintain weekly contact with his AA sponsor either.

(g) Seventh quarter report (Petitioner exhibit "8"):

(1) In response to question 2, the respondent admitted he did not attend weekly AA meetings "... because of not taking the time to schedule them and make them a priority;"

(2) The Alcoholics Anonymous attendance meeting verification form listed only two meetings attended,

on January 3 and January 5, 1994, neither of which were verified by anyone's signature;

(3) The information and documentation provided by the respondent failed to indicate that any AA meetings were attended during the weeks of October 18, October 25, November 1, November 8, November 15, November 22, November 29, December 6, December 13, December 20, and December 27, 1993, as well as the weeks of January 10, January 17 and January 24, 1994;

(4) In response to question 3, the respondent admitted he did not maintain weekly contact with his AA sponsor and stated: "Most of my communications with my sponsor occurred either before or after meetings. I have drifted away from my sponsor by not attending meetings ....;"

(5) The respondent did not meet with his sobriety monitor two times each month from October of 1993 to January 1994 and only met once with the sobriety monitor on January 5, 1994;

(6) The respondent did not have weekly contact with his sobriety monitor in that no contacts were made during the weeks of October 11, October 18, October 25, November 15, November 22, December 13, December 20, and December 27, 1993, as well as the weeks of January 10, and January 17, 1994; and,

(7) The respondent's sobriety monitor made the following comments: "Despite the fact that [respondent] has abstained from using alcohol or drugs and is doing well professionally, he is not making the effort to comply with the requirements of his probation. I have on many occasions along with his sponsor tried to discuss the necessity for strict compliance but he continues to do it his way. This concerns me greatly. I believe for this program to be successful, the rules set forth must be followed. I cannot predict the future for [respondent] but it must be stressed that he strictly follows the rules and mandates of his probation. I believe [respondent]

must follow the rules of his probation which he is not doing."

This reviewing member makes the following additional findings of fact based upon the testimony taken at the hearing on April 14, 1994:

(6) The respondent has abstained from the use of alcohol and controlled substances during his probationary period. (N.T. 95.)

(7) Respondent is engaged in the practice of law as an associate of [A], Esquire and maintains an office at [ ]. (N.T. 74.)

(8) Respondent maintains a busy litigation practice and handles a substantial number of court appointed cases. Respondent enjoys a good reputation in the [ ] County legal community. (N.T. 29-31; Respondent's exhibit A.)

(9) Respondent is married, is the father of two children and supports his family together with his wife who is a teacher. (N.T. 82-83.)

(10) Respondent is heavily active in his church and has counseled with his church pastor as well as participated in church teaching activities. (N.T. 18, 78.)

### III. CONCLUSIONS OF LAW

This reviewing member readily concludes that the respondent has violated the conditions of his probation.

### IV. DISCUSSION

Respondent has clearly violated the terms of his probation. Pursuant to this court's order dated April 14, 1992 respondent was required to attend Alcoholics Anonymous meetings on a weekly basis. Although respondent did attend AA meetings, he did not do so on a regular weekly basis as required by this court's order nor did he maintain weekly contact with his AA sponsor. Respondent was also required to meet at least

twice a month with his sobriety monitor. He also did not comply with this term. On August 7, 1992 respondent was advised by Chairman Richard D. Gilardi to comply with the terms and conditions of his probation. (Petitioner's exhibit 3.) Respondent did not comply with the probationary terms.

This court's order imposing probation must be strictly enforced. Respondents cannot create their own terms of probation nor assert that they are complying with the "spirit" of the order. Respondent has violated his probationary terms and his probation should be revoked.

The next question which must be determined is the appropriate disposition. Respondent could be suspended from the practice of law by simply removing the stay of suspension imposed by this court's order dated April 14, 1992. Respondent could also have the conditions of his probation modified to ensure appropriate compliance. Petitioner has indicated that it will make no recommendation regarding appropriate disposition.

This board member, after carefully reviewing the record and listening to the testimony of respondent's witnesses and the testimony of respondent, believes that the appropriate disposition would be to modify the order of probation so as to provide for an additional one year term of probation. The respondent appears to recognize the seriousness of his failure to comply with the order of probation. More importantly, respondent has made substantial progress in rectifying his previous problems. He and his witnesses contend that he has remained alcohol and drug free since his in-patient rehabilitation program. Petitioner does not dispute that testimony. Respondent has also built a substantial practice and enjoys a good reputation in the [    ] County legal community. An assistant court administrator for [    ] County testified on behalf of the respondent and indicated that respondent has handled his cases in a professional manner and further indicated that several

of the common pleas judges have commented favorably concerning respondent's abilities. Respondent's employer, [A], Esquire, also testified that respondent is maintaining a busy practice and is handling his cases and clients in a professional manner. Respondent has also become heavily involved in his church. His pastor has testified that he sees him in church approximately four times per week and further that respondent takes a very active role in church activities.

This member believes that the integrity of the probationary system will not be jeopardized by this proposed recommendation. Strict compliance with this court's order is necessary. However, respondent's failure to comply with the probationary terms does not merit a suspension from the practice of law at this time.

## V. RECOMMENDATION

This member respectfully recommends that respondent's probation be revoked. This member further recommends that this court enter an order suspending the respondent from the practice of law for a period of six months, that the suspension be stayed in its entirety and that the respondent be placed on probation for a period of three years retroactive to April 14, 1992 subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor for respondent in accordance with Disciplinary Board Rule 89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification on a board approved form to his sobriety monitor;

(7) Respondent shall undergo any counseling, out-patient or in-patient treatment, prescribed by a physician or alcohol counselor;

(8) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(9) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the secretary of the board quarterly written reports; and

(f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation.

(10) The secretary of the board shall report any violations by the respondent of the terms and conditions of the probation to Office of Disciplinary Counsel.

This member further recommends that respondent be ordered to pay the expenses of investigating and prosecuting this matter pursuant to Rule 208(g)

Pa.R.D.E. and the expenses of the revocation proceedings.

ORDER

And now, August 10, 1994, a rule having been entered upon respondent by this court on June 10, 1994 to show cause why the order of this court entered on April 14, 1992 should not be modified and no response having been filed, it is hereby ordered that the rule is made absolute, respondent's probation is revoked. It is further ordered that [respondent] be suspended from the practice of law for a period of six months, that the suspension be stayed in its entirety, and that respondent be placed on probation for a period of three years, retroactive to April 14, 1992, subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind altering chemical;

(2) Respondent shall regularly attend Alchoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor for respondent in accordance with Disciplinary Board Rule 89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification on a board approved form to his sobriety monitor;

(7) Respondent shall undergo any counseling, outpatient or in-patient treatment, prescribed by a physician or alcohol counselor;

(8) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(9) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the secretary of the board quarterly written reports; and

(f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation.

(10) The secretary of the board shall report any violations by the respondent of the terms and conditions of the probation to Office of Disciplinary Counsel.

It is further ordered that the respondent shall pay the expenses of the investigation and prosecuting of the revocation proceedings pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.